# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| DEMERRIES DUNSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | CAUSE NO. 3:13-CV-1337 PS |
| SUPERINTENDENT, | ) | |
| Respondent. | ) | |

## OPINION AND ORDER

Demerries Dunson, a *pro se* prisoner, filed this habeas corpus petition challenging two prison disciplinary hearings. In WCC 13-06-659, he was found guilty of Physically Resisting a Staff Member in the Performance of his duty in violation of A235 because he threw a cellular telephone to other inmates rather than giving it to a guard as he was ordered to do. In WCC 13-06-660, he was found guilty of Possessing an Electronic Device in violation of A121 because he was seen catching a cellular telephone that was thrown to him by another inmate and then throwing it to other inmates. Both of these hearings were conducted by the Disciplinary Hearing Body (DHB) at the Westville Correctional Facility on July 8, 2013.

Dunson lists eight grounds for challenging these hearings, but six of them are about the fact that the cellular telephone was not found and presented as evidence during his hearings. In Ground 1, he argues that there was no physical evidence because the cellular telephone was never found. In Grounds 3, 4, and 5, he argues that despite the fact that he and other inmates were searched, the cellular telephone was not found. In Ground 2, he argues that he asked to see the evidence against him, but was not shown any evidence. In Ground 8, he argues that the

Screening Report states that he was given a "copy of evidence" even though he was told that no evidence existed.

The confusion here has to do with what Dunson considers to be evidence. Obviously the cellular telephone was not presented at his hearings – he was seen throwing it to other inmates and it was never recovered. However, in a prison disciplinary hearing, a conduct report alone can be sufficient evidence of guilt. *See McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). This is such a case. Here, the two conduct reports are statements by the guard who saw him catch a cellular telephone and then throw it to other inmates after being told to give it to the guard. Corroborating evidence, such as the cellular telephone, is unnecessary because "the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (emphasis added). Here, the conduct reports are evidence and a copy of them were given to Dunson. In this case, the Conduct Reports were sufficient evidence to support finding that Dunson was guilty.

In Ground 6, Dunson argues that Officer Bedell's witness statement contradicts the conduct report because it does not mention that he fled with the cellular telephone. Here is what that statement says:

> I, Officer Bedell, witnessed Offender Dunson catch a black cell phone. Offender Dunson looked shocked and tossed the cell phone into a crowd of offenders. Upon confronting Offender Dunson and I told him to "cuff up." He did so without altercation. All other details in this report are true to my knowledge.

(DE 5 at 14.) To the extent that omitting any reference to fleeing could be interpreted as a contradiction, "[t]he Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Hill*, 472 U.S. at 457. Moreover, because Dunson was found guilty of Resisting a Staff Member in the performance of his duties,

the omission of a reference to fleeing is irrelevant in as much as this witness statement clearly describes him tossing the phone to other offenders.

Finally, in Ground 7, Dunson argues that he voluntarily cuffed up when ordered to do so. It appears that what he means is that he did not resist the order to cuff up. Though the reports support this assertion, his willingness to cuff up does nothing to undermine the validity of the finding that he threw the cellular telephone to other inmates rather than surrender it to a guard when ordered to do so. Thus, Dunson has presented no basis for habeas corpus relief.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to 2254 Habeas Corpus Rule 4.

**SO ORDERED**.

ENTERED: May 2, 2014

/s/ Philip P. Simon
Philip Simon, Chief Judge
United States District Court